# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

BRUCE B. WHITNEY,

     *Plaintiff,*

  vs.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

     *Defendant.*

Case No. 16-2240-EFM

## MEMORANDUM AND ORDER

Plaintiff Bruce Whitney seeks review of a final decision by Defendant, the Acting Commissioner of Social Security ("Commissioner"), denying his application for disability insurance benefits under Title II of the Social Security Act. Plaintiff alleges that the administrative law judge ("ALJ") erred (1) by improperly evaluating his claim at step two, (2) by improperly evaluating his claim at step three, (3) in assessing Plaintiff's residual functioning capacity ("RFC") because the evidence does not support the ALJ's finding, and (4) by improperly evaluating his claim at step 4. Having reviewed the record, and as described below, the Court affirms the order of the Commissioner.

## I. Factual and Procedural Background

Plaintiff Bruce Whitney was born on September 28, 1951. On June 6, 2013, Plaintiff protectively applied for disability insurance benefits. He alleged that his disability began on

March 5, 2013.  Plaintiff's application was denied initially and upon reconsideration.  He then asked for a hearing before an ALJ.

ALJ Timothy Stueve conducted an administrative hearing on September 29, 2014. Plaintiff was represented by counsel, and he testified about his medical conditions. The ALJ also heard from a vocational expert ("VE").

On November 25, 2014, the ALJ issued his written decision, finding that Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  The ALJ found that Plaintiff suffered from degenerative disc disease and heart disease.  The ALJ determined that Plaintiff's impairment or combination of impairments did not meet or medically equal one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

The ALJ stated that Plaintiff had the RFC

> to perform light work as defined in 20 CFR 404.1567(b), in that, he can occasionally lift 20 pounds, frequently lift or carry 10 pounds, walk or stand for approximately six hours in an eight-hour workday, and sit for approximately six hours in an eight-hour workday with normal breaks.  The claimant also has the following nonexertional limitations that further limit his ability to perform light work: can frequently climb ramps and stairs, but only occasionally climb ladders, ropes, and scaffolds; can occasionally stoop, kneel, crouch, and crawl; can only occasionally tolerate exposure to extreme cold and extreme heat; and should avoid all exposure to vibration in the workplace.

The ALJ then determined that Plaintiff was capable of performing his past relevant work as a surgical physician assistant.  In the alternative, the ALJ determined that based on Plaintiff's age, education, work experience, and RFC, Plaintiff could also perform work in other jobs existing in the national economy.  Thus, the ALJ concluded that Plaintiff had not been under a disability from March 5, 2013 through the date of his decision.

Given the unfavorable result, Plaintiff requested reconsideration of the ALJ's decision from the Appeals Council. The Appeals Council denied Plaintiff's request on February 10, 2016. Accordingly, the ALJ's November 2014 decision became the final decision of the Commissioner.

Plaintiff filed a Complaint in the United States District Court for the District of Kansas. He seeks reversal of the ALJ's decision and the grant of benefits. In the alternative, he seeks remand. Because Plaintiff has exhausted all administrative remedies available, this Court has jurisdiction to review the decision.

## II.    Legal Standard

Judicial review of the Commissioner's decision is guided by the Social Security Act (the "Act") which provides, in part, that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."[1] The Court must therefore determine whether the factual findings of the Commissioner are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard.[2] "Substantial evidence is more than a scintilla, but less than a preponderance; in short, it is such evidence as a reasonable mind might accept to support the conclusion."[3] The Court may "neither reweigh the evidence nor substitute [its] judgment for that of the [Commissioner]."[4]

---

[1] 42 U.S.C. § 405(g).

[2] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

[3] *Barkley v. Astrue*, 2010 WL 3001753, at *1 (D. Kan. Jul. 28, 2010) (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)).

[4] *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.3d 799, 800 (10th Cir. 1991)).

An individual is under a disability only if he can "establish that [he] has a physical or mental impairment which prevents [him] from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months."[5] This impairment "must be severe enough that [he] is unable to perform [his] past relevant work, and further cannot engage in other substantial gainful work existing in the national economy, considering [his] age, education, and work experience."[6]

Pursuant to the Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled.[7] The steps are designed to be followed in order. If it is determined, at any step of the evaluation process, that the claimant is or is not disabled, further evaluation under a subsequent step is unnecessary.[8]

The first three steps of the sequential evaluation require the Commissioner to assess: (1) whether the claimant has engaged in substantial gainful activity since the onset of the alleged disability; (2) whether the claimant has a severe, or combination of severe, impairments; and (3) whether the severity of those severe impairments meets or equals a designated list of impairments.[9] If the impairment does not meet or equal one of these designated impairments, the

---

[5] *Brennan v. Astrue*, 501 F. Supp. 2d 1303, 1306-07 (D. Kan. 2007) (citing 42 U.S.C. § 423(d)).

[6] *Barkley*, 2010 WL 3001753, at *2 (citing *Barnhart v. Walton*, 535 U.S. 212, 217-22 (2002); 20 C.F.R. § 416.920 (2005)).

[7] *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010); *see also* 20 C.F.R. §§ 404.1520(a), 416.920(a).

[8] *Barkley*, 2010 WL 3001753, at *2.

[9] *Lax*, 489 F.3d at 1084; *see also Barkley*, 2010 WL 3001753, at *2 (citing *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)).

ALJ must then determine the claimant's RFC, which is the claimant's ability "to do physical and mental work activities on a sustained basis despite limitations from his impairments."[10]

Upon assessing the claimant's residual functional capacity, the Commissioner moves on to steps four and five, which require the Commissioner to determine whether the claimant can either perform his past relevant work or whether he can generally perform other work that exists in the national economy, respectively.[11]  The claimant bears the burden in steps one through four to prove a disability that prevents performance of his past relevant work.[12]  The burden then shifts to the Commissioner at step five to show that, despite the claimant's alleged impairments, the claimant could perform other work in the national economy.[13]

## III.    Analysis

Plaintiff alleges that the ALJ erred (1) in evaluating Plaintiff's claim at step two, (2) in evaluating Plaintiff's claim at step three, (3) in assessing Plaintiff's RFC because it is not supported by the record, and (4) in evaluating his claim at step 4.

## A.    Step Two Analysis

With regard to Plaintiff's step two argument, he states that although the ALJ found that he had two severe impairments, the ALJ should have determined that he had additional severe impairments.  Plaintiff, however, does not develop this argument but instead simply lists the other impairments that the ALJ should have found severe.  Regardless, "the failure to find a particular impairment severe at step two is not reversible error when the ALJ finds that at least

---

[10] *Barkley*, 2010 WL 3001753, at *2 (citing 20 C.F.R. § 416.920(e)); *see also* 20 C.F.R. §§ 404.1520(e), 404.1545.

[11] *Barkley*, 2010 WL 3001753, at *2 (citing *Williams*, 844 F.2d at 751).

[12] *Lax*, 489 F.3d at 1084.

[13] *Id.*

one other impairment is severe."[14]   As noted above, the ALJ found two severe impairments at step two.  Accordingly, Plaintiff's step two argument fails.

**B.**    **Step Three Analysis**

Plaintiff next complains that the ALJ erred in his step three evaluation.  Plaintiff's argument consists of one paragraph and he does not adequately explain the issue that he has with the ALJ's finding.  Thus, the Court will not consider this argument.

**C.**    **RFC Finding**

Next, Plaintiff contends that the ALJ erred in assessing Plaintiff's RFC.  He asserts that there was no evidence to support the RFC finding.  Plaintiff specifically takes issue with six specific physical findings related to his lower back impairment.   After reviewing the record evidence, the Court finds that all of these six physical findings have support in the record.  It appears that Plaintiff simply takes issue with the ALJ's findings and reweighs the evidence in a manner to propose an alternative finding.  A reviewing court does not reweigh the evidence or substitute its judgment for the agency.[15]   "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence."[16]  Thus, the ALJ did not err with regard to these findings.

In this case, the ALJ set forth the medical evidence in detail.  The ALJ went through the opinion evidence and set forth what weight he was giving those opinions.  In giving significant weight to the opinions of the state agency psychological and medical consultants, he noted that they had access to the majority of the evidence at the time they formulated their opinions.  Thus,

---

[14] *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016).

[15] *Lax*, 489 F.3d at 1084.

[16] *Id.*

he found that their opinions were supported by the record evidence. In giving less weight to Plaintiff's treating physician assistant, the ALJ found that although she gave very limiting opinions regarding Plaintiff's physical abilities, she was not an acceptable medical source and only treated Plaintiff two times in the course of two months. The ALJ considered Plaintiff's lower back impairment and noted specific evidence that supported his RFC. As noted above, with regard to the six specific physical findings that Plaintiff takes issue with, evidence in the record supports the ALJ's finding. Finally, the ALJ noted Plaintiff's daily activities and the impact of those activities on his RFC. In sum, the ALJ set forth ample evidence from the record to support his RFC finding.

Plaintiff also claims that the ALJ erred in evaluating his mental impairments in his RFC. Plaintiff asserts that the ALJ addressed his mental impairments by simply stating that "[t]he evidence of record fails to indicate that the claimant has ever required any specialized psychological treatment as a result of his psychological symptoms." Plaintiff's statement is not correct. Plaintiff isolates portions of the record to bolster his claims of error while wholly ignoring other statements made by the ALJ. Although the ALJ made this statement, the ALJ also noted that the evidence of record indicated that Plaintiff had experienced some anxiety and depression due to situational stressors. The ALJ also noted (and cited to the record evidence) that Plaintiff's psychological symptoms were very responsive to a medication regimen when he was prescribed one. Thus, the ALJ's findings and RFC are supported by substantial evidence in the record.

As noted above, this Court's job is not to reweigh the evidence or substitute its judgment for that of the Commissioner.[17] Instead, the Court must review the record to determine if substantial evidence supports the ALJ's decision and whether the ALJ sufficiently articulated the reasons to provide for meaningful review.[18] In this case, the Court finds that the ALJ cited to substantial evidence in the record and adequately explained and linked the RFC assessment to that evidence.

## D.    Step Four Analysis

Finally, Plaintiff contends that the ALJ erred when he found that Plaintiff could perform his past work. He asserts that the VE improperly classified his former work activity. He claims that based on his testimony of the work he previously performed, the VE should have classified Plaintiff as a Surgical Technician rather than a Surgical Physician Assistant and thus should have determined that Plaintiff was incapable of performing his past work.

"The second phase of step four requires the ALJ to determine the physical and mental demands of plaintiff's past relevant work."[19]

> A vocational expert may supply information to the ALJ about the demands of the claimant's past relevant work. The ALJ may rely on the DOT description of a job as "presumptively applicable" to the claimant's past relevant work. A claimant may overcome this presumption by demonstrating that the duties in his particular line of work were not those envisioned by the drafters of the category.[20]

Here, the VE stated that Plaintiff's past work was as a surgical physician assistant and gave the DOT classification. The VE testified that based on the ALJ's RFC formulation, Plaintiff could

---

[17] *Bowman*, 511 F.3d at 1272 (citation omitted).

[18] *Lax*, 489 F.3d at 1084.

[19] *Tacey v. Colvin*, 2017 WL 951158, at *9 (D. Kan. 2017).

[20] *Id.* (citations omitted).

perform his past work. Relying on this testimony, the ALJ found that Plaintiff could indeed perform his previous work.

The ALJ properly relied upon the VE's testimony that Plaintiff could perform his past work based on the DOT classification. The DOT classification of physician assistant encompasses the type of work that Plaintiff asserts he previously performed (closing surgeries and utilizing surgical instruments). Specifically, the classification states that a physician assistant "[p]erforms therapeutic procedures, such as injections, immunizations, *suturing and wound care*, and managing infection."[21] In addition, Plaintiff testified in his hearing before the ALJ that he previously worked as a physician assistant. Thus, his testimony undermines his current assertion that the ALJ erred in classifying his previous work. Accordingly, the Court finds that the ALJ did not err in his Step four analysis by misclassifying Plaintiff's former work.[22]

**IT IS THEREFORE ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**IT IS SO ORDERED**.

Dated this 26th day of September, 2017.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[21] DOT No. 079.364-018 (emphasis added).

[22] To the extent that Plaintiff complains that the ALJ's hypothetical did not include all of his limitations (such as vision and hearing), it appears that Plaintiff is simply reasserting his argument that the ALJ's RFC was improper. As noted above, substantial evidence supports the ALJ's RFC finding and thus his hypothetical to the VE adequately conveyed Plaintiff's limitations.